IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRYSTAL BASCOM,<br><br>   Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC,<br><br>   Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW Krystal Bascom ("Plaintiff" or "Bascom"), by and through her undersigned counsel, and files this Complaint for Damages against Defendant Insight Global, LLC ("Defendant"), showing the Court as follows:

# NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Insight Global, LLC ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed a charge of discrimination with the EEOC on June 24, 2021; the EEOC issued its Notice of Right to Sue on March 11, 2022.

6.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

7.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all relevant times, Plaintiff was an employee for the purposes of Title VII.

9.

Defendant is qualified and licensed to do business in Georgia and has conducted business within this District all times material hereto.

10.

Defendant is now and, at all times relevant hereto, has been a for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation, at 289 S Culver St., Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

12.

Bascom began working for Defendant in or around November 30, 2020.

13.

After Bascom's first project with Defendant ended, Bascom was then asked to come back to work with another of Defendant's client and was promoted to Team Lead.

14.

Bascom is African-American/Black.

15.

On or around May 21, 2021, Plaintiff received a phone call from Christy Tincher, a white coworker who was also a Team Lead, complaining about the black trainers and making disparaging statements about black women in leadership positions.

16.

Tincher stated to Bascom, who is African-American/Black, "That's sometimes how y'all do when you get in leadership positions."

17.

During the conversation, Tincher used the n-word multiple times.

18.

Tincher stated that her child's father, who she referred to as her "baby daddy," was black and that she and he would often banter between them saying "nigga this" and "nigga that."

19.

Bascom asked Tincher not to use that language with her.

20.

Tincher responded that she feels that she can relate to "us" and that is why she talks like that.

21.

Bascom asked Tincher not to call her anymore and blocked her number.

22.

Bascom immediately reported the phone call to Taralyn Wade-Johnson, one of the trainers, and complained about the racially charged comments and the use of the n-word on the call.

23.

Bascom also mentioned that Tincher made the entire environment at work uncomfortable.

24.

Wade-Johnson responded that she had actually mentioned this to Ariel Reyes, a member of the Defendant's Human Resources department, and that she did not think that Tincher was the right fit for the role.

25.

Wade-Johnson further stated that Tincher should not have been reaching out to Bascom on her phone.

26.

The same day, Reyes reached out to Bascom, asked how training was going, and asked if there was something Bascom would like to talk with him about.

27.

Bascom again reported everything that had happened on the call, including the racially charged conversation and the use of the n-word multiple times.

28.

Reyes said that he would reach out to Tincher to ask how training was going. He stated that he would let her know that certain things are inappropriate and make her aware that some things should not be said in the workplace.

29.

Reyes stated that he would not make it known to Tincher that Bascom reported her and that he would keep it confidential.

30.

On June 2, 2021, Reyes called Bascom and informed her that she and Tincher would both be terminated and that she "did not exhibit leadership qualities."

31.

Bascom never received any coaching, negative performance reviews, or criticism.

32.

Prior to her complaint of discrimination, leadership always sought out her opinions.

33.

Following Bascom's termination, Tincher called her from a different number and stated that Reyes terminated her because she "did not display leadership qualities."

34.

This was the same reason Reyes provided to Bascom.

35.

Tincher then stated to Bascom that, after Reyes told her she did not display leadership qualities, "That's when he told me that you made a report about the n-word. . .That's how people get hurt.

36.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

37.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., .

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

38.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

39.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

40.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

41.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

42.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

43.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

44.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

45.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

46.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

47.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

48.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

49.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race (African American).

50.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

51.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

52.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

53.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

54.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

55.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT IV: VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

56.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

57.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

58.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

59.

There was a causal connection between the protected conduct and the adverse action.

60.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

61.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which may be entitled.

Respectfully submitted this 25th day of May, 2022.

          **BARRETT & FARAHANY**

          s/ *Grace A. Starling*
          Grace A. Starling
          Georgia Bar No. 464958

          *Attorney for Krystal Bascom*

P.O. Box 530092
Atlanta, GA 30353
(470) 747-8329
grace@justiceatwork.com